IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARLUNTAY BROWNLEE *individually, and*
*as next friend of* minors L.B., Z.B., and A.C., and
TYDRICUS PRIDE
PLAINTIFFS

V.  CIVIL ACTION NO. 3:18-CV-272-SA-JMV

THE MISSISSIPPI DEPARTMENT
OF PUBLIC SAFETY, and MILTON WILLIAMS, JR.  DEFENDANTS

ORDER AND MEMORANDUM OPINION

The Plaintiffs in this case are Marluntay Brownlee, three minor children: L.B., Z.B., and A.C., and Brownlee's nephew Tydricus Pride. In their Complaint [1], the Plaintiffs allege a variety of claims based in state and federal law against the Mississippi Department of Public Safety and Mississippi Highway Patrol Trooper Milton Williams.[1] Now before the Court are two Motions to Dismiss filed by The Department of Public Safety [8], and by Williams [10].

*Factual and Procedural Background*

According to the Plaintiffs, around noon on September 16, 2017 Brownlee was driving on Mississippi Highway 3 in Quitman County with three minor children and her disabled nephew as passengers. Trooper Williams pulled the Plaintiffs' car over. Brownlee admits that she was speeding. Williams performed breathalyzer and field sobriety tests on Brownlee and then arrested her. According to Brownlee, she requested that Williams allow her to contact someone to pick up her passengers, and Williams refused to allow her to do so. Williams called a tow truck to transport the Plaintiffs' vehicle. Pride attempted to give Williams a phone with Pride's grandmother on the line, presumably to give her directions, and Williams refused to speak with her. Brownlee was

---

[1] The Plaintiffs' claims against Williams are alleged in both his official and individual capacities.

taken to jail. The tow truck driver transported the abandoned passengers to a nearby McDonalds after which they were eventually able to contact a relative to come and pick them up.

Brownlee eventually plead guilty to speeding, a window tint violation, failure to have insurance, and a seatbelt violation. Brownlee's charge for driving under the influence was dismissed.

In their Complaint [1], the Plaintiffs assert ten claims against the Defendants under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act. It is wholly unclear from the Complaint which of the five individual Plaintiffs are, individually or collectively, asserting which claims against which Defendants. It is also unclear from the Plaintiffs' Complaint, which facts the Plaintiffs contend support each of their claims.

In its Motion [8], the Department argues primarily that it is entitled to sovereign immunity from the Plaintiffs' claims. In his Motion [10], Williams argues primarily that he is entitled to the protection of qualified immunity from the Plaintiffs' claims.

*Standard of Review*

As noted above, the Department seeks dismissal of the official capacity claims on the grounds that it is protected by sovereign immunity, and that it is not a "person" within the meaning of Section 1983, invoking Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The first of these defenses implicates Rule 12(b)(1). *See Judd v. Mississippi*, No. 4:16-CV-119-DMB, 2017 WL 4478006, at *1–2 (N.D. Miss. Oct. 6, 2017) (citing *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the [federal] court of jurisdiction, . . . claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). The second "persons" defense, concerns a plaintiff's ability to state a claim, thus mandating a Rule 12(b)(6) inquiry. *See id.* (citing *Lapides v. Bd. of Regents of Univ.*

2

*Sys. of Georgia*, 535 U.S. 613, 617, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002) (internal citations, quotation marks, and alterations omitted)).

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may dismiss for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

"To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief— including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Turner v. Lt. Driver*, 848 F.3d 678, 685 (5th Cir. 2017).

*Claims Against the Department of Public Safety*

At the outset, the Court notes that "[g]enerally, an official-capacity suit is just another way of pleading an action against an entity of which an officer is an agent and are treated as suits against the State. *Latiolais v. Cravins*, 484 Fed. Appx. 983, 989 (5th Cir. 2012) (citing *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)). With this in mind, the Court will treat the Plaintiffs' claims asserted against Williams in his official capacity as claims asserted against the Department of Public Safety.[2] *See id*.

---

[2] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 109 S. Ct. 2304, 105 L. Ed. 2d 45, n.10 (1989).

3

It is well-settled law that the Mississippi Department of Public Safety, is an arm of the state. *See Williams v. Zachary*, No. 118-CV-128-GHD, 2019 WL 419289, at *2–3 (N.D. Miss. Feb. 1, 2019); *Williams v. Mississippi Dep't of Pub. Safety*, No. 1:17-CV-179-GHD, 2018 WL 1128133, at *3 (N.D. Miss. Mar. 1, 2018); *Delany v. Miss. Dep't of Pub. Safety*, No. 3:12-CV-229-TSL, 2013 WL 286365, at *3 (S.D. Miss. Jan 24, 2013), *aff'd*, 554 Fed. Appx. 279 (5th Cir. 2014).

There are three exceptions to Eleventh Amendment immunity: abrogation, waiver, and the *Ex parte Young* doctrine. Section 1983 did not abrogate states' Eleventh Amendment immunity with respect to those claims. *See Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979). Further, the State of Mississippi has not waived immunity for Section 1983 claims. *Moore v. Univ. Mississippi Med. Ctr.*, 719 Fed. Appx. 381, 387 (5th Cir. 2018).

*Ex parte Young* allows a suit to be brought against a state officer in federal court for the purpose of enforcing the Supremacy Clause of the Constitution if the following criteria are met: (1) the plaintiff has pleaded his case against the state official responsible for enforcing the law at issue in that person's official capacity; (2) the plaintiff has alleged an ongoing violation of federal law; and (3) the plaintiff has requested the proper relief, that is, prospective, injunctive relief, or monetary relief that is ancillary to prospective relief. *See Walker v. Livingston*, 381 Fed. Appx. 477, 478 (5th Cir. 2010) (per curiam) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)).

The Department argues that the Plaintiffs failed to plead any federal or constitutional claims against it that are not barred by sovereign immunity.

The Plaintiffs have also asserted claims against the Department based in state law, primarily pursuant to the Mississippi Tort Claims Act. The Department argues, correctly, that the

Mississippi Tort Claims Act preserves the State's Eleventh Amendment immunity on certain claims brought in federal court. "Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States. MISS. CODE ANN. § 11-46-5(4). In the alternative, the Department argues that the Court should decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims, after their federal claims are dismissed. *See* 28 U.S.C. § 1367.

*Claims against Williams*

As noted above, Defendant Williams asserts that he is entitled to qualified immunity. Qualified immunity protects government officials from civil liability in their individual capacity to the extent that their conduct does not violate clearly established statutory or constitutional rights. *Trent v. Wade*, 776 F.3d 368, 377 (5th Cir.), *reh'g denied,* 801 F.3d 494 (2015). "A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof," shifting it to the plaintiff to show that the defense is not available. *Trent*, 776 F.3d at 376 (internal quotation marks omitted); *accord McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).

A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011). Courts are free to decide which of the two prongs of the qualified immunity analysis to address first. *Id.*; *see also Camreta v. Greene*, 563 U.S. 692, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011). The second prong is satisfied only if "the state of the law at the time of the incident provided fair warning to the defendants that their alleged [conduct] was unconstitutional." *Tolan v. Cotton,* ⸺ U.S. ⸺, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014) (internal quotation

5

marks omitted). Importantly, qualified immunity is "is an *immunity from suit* rather than a mere defense to liability . . . [and] it is effectively lost if a case is erroneously permitted to go to trial." *Keller v. Fleming*, No. 18-60081, 2019 WL 3295005, at *2 (5th Cir. July 23, 2019) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).

*Plaintiffs' Complaint*

With all of these relevant authorities in mind, the Court turns to the Plaintiffs' Complaint. As noted above, in their Complaint [1], the Plaintiffs assert ten claims against the Defendants under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act. It is wholly unclear from the Complaint which of the five individual Plaintiffs are, individually or collectively, asserting which claims against which Defendants. It is also unclear from the Plaintiffs' Complaint, which facts the Plaintiffs contend support each of their claims.

This is particularly problematic because the issues in this case are primarily legal in nature; the Plaintiffs' factual allegations are mostly undisputed. Although the Plaintiffs clearly enumerate the facts giving rise to their claims generally, they merely advance a list of claims and constitutional violations with no link between the alleged violations and the facts, and no indication of which alleged violations and related facts they rely upon for their claims against the Department and Williams. *See Michael v. Boutwell*, No. 3:14-CV-00116-DMB, 2015 WL 728516, at *6 (N.D. Miss. Feb. 19, 2015) (describing problems with complaints that fail to adequately link factual allegations to claims, and appropriate procedural solutions); *see also Clinton v. Johnson*, No. 3:13-CV-871-DCB, 2014 WL 575295, at *2–3 (S.D. Miss. Feb. 11, 2014) (same). In particular, the Plaintiffs do not differentiate between the claims brought by Brownlee and those brought by the passenger Plaintiffs.

In short, the Plaintiffs fail to adequately link their factual allegations to their claims. *See id*. This failure creates a situation where although the Complaint conforms to the liberal notice pleading requirements of Federal Rule of Civil Procedure 8, it fails to adequately link the Plaintiffs' causes of actions to their attendant factual predicates, running afoul of Federal Rule of Civil Procedure 12(e). *See Sudduth v. Lowndes Cty., Mississippi*, No. 1:18-CV-51-SA, 2019 WL 982861, at *4 (N.D. Miss. Feb. 28, 2019); *see also Burkhart v. Tecnocap, LLC*, 2012 WL 32923, *2 (N.D. W. Va. 2012) (citing Wright & Miller, 5B FED. PRAC. & PROC. CIV. § 1356) (pleading that satisfies more liberal pleading standards to survive Rule 12(b)(6) motion still may be properly challenged as vague under Rule 12(e)); *see also Michael*, 2015 WL 728516, at *6 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) (District courts have a "supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.")).

The Court finds that the Complaint does not contain enough information about the Plaintiffs' claims to allow a responsive pleading to be framed, nor to allow the Court to rule on the present Motions. In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), or an order allowing the Plaintiffs to amend. *Michael*, 2015 WL 728516, at *6; *Clinton*, 2014 WL 575295, at *2–3. For these reasons, the instant Motions to Dismiss [8, 10] are denied as moot. The Plaintiffs have fourteen days from the entry of this order to file an amended complaint to state more specifically (for each claim they allege): (1) the nature of the claim, (2) which Plaintiff(s) is bringing the claim, (3) the elements of the claim, and (4) the factual basis for each of the elements of the claim. *See Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 163 (5th Cir.

1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).

In closing, the Court urges the Plaintiffs to be mindful of the standards of review and immunity doctrines highlighted by the Court above.

*Conclusion*

For all of the reasons fully explained above the Court, on its own motion, ORDERS the Plaintiffs to file a more definite statement in the form of an Amended Complaint by September 13, 2019 pursuant to Federal Rule of Civil Procedure 12(e). Failure to file an amended pleading as directed may result in the Court striking the Plaintiffs' Complaint [1] or dismissing the case. *See* FED. R. CIV. P. 12(e). The Defendants' Motions to Dismiss [8, 10] are DENIED *without prejudice* as MOOT.

It is SO ORDERED, on this the 30th day of August, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE